**Melanie ABANICO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71388.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.[*]

Filed July 19, 2010.

Melanie Abanico, Las Vegas, NV, pro se.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Assistant Director, Tiffany Walters Kleinert, Trial, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

## MEMORANDUM [**]

Melanie Abanico, a native and citizen of the Philippines, petitions pro se for review

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and review questions of law de novo, *Aguilar Gonzalez v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

The IJ properly denied Abanico's adjustment of status application for failure to demonstrate admissibility pursuant to 8 U.S.C. § 1182. *See Kyung Park v. Holder*, 572 F.3d 619, 622–23 (9th Cir.2009) (to avoid being considered a public charge, § 1182(a)(4) requires that the alien submit an affidavit of support as described in 8 U.S.C. § 1183a).

The IJ did not abuse his discretion in denying a continuance where Abanico did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown).

We lack jurisdiction to consider Abanico's contention that the IJ abused his discretion in denying Abanico's voluntary departure request because she failed to exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (generally requiring exhaustion of claims before the BIA).

We lack jurisdiction to consider Abanico's eligibility for cancellation of removal because she did not raise this claim with the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999) (court lacks jurisdiction over eligibility claim not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**